UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Brendan Lyshe**    Plaintiff, individually on behalf of himself and on behalf of all similarly situated persons <br><br> vs. <br><br> **Yale R. Levy** <br> 4645 Executive Dr. <br> Columbus, Ohio 43220 <br><br> **Levy & Associates, LLC.** <br> c/o CT Corporation <br> 1300 E. 9th St. <br> Cleveland, Ohio 44114 <br><br> **Kirschenbaum, Phillips & Levy, PC.** <br> c/o Yale Levy <br> 4645 Executive Dr. <br> Columbus, Ohio 43220 <br><br> **Yale R. Levy** <br> 4645 Executive Dr. <br> Columbus, Ohio 43220 <br><br> **Krishna Velayudhan** <br> 4645 Executive Dr. <br> Columbus, Ohio 43220 <br>    **Defendants** | :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: | Case No. 2:16cv 516 |

**Class Action Complaint Alleging Violation of the Fair Debt Collection Practices Act Seeking Statutory Damages; Attorney Fees; Jury Demand**

### Claim One
### [unfair debt collection]

### Introduction

1. This class action lawsuit is brought against the law firm of Kirschenbaum, Phillips & Levy, PC., Levy & Associates, LLC. and its lawyer members, Yale Levy and Krishna Velayudhan for unfair,

deceptive and unconscionable debt collection practices pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. [hereinafter the "Act"].

2. These allegations involve the attempted collection of debts which were incurred primarily for personal, family and household purposes.

## Jurisdiction

3. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. **§**1640(e), 15 U.S.C. **§**1692k(d) and 28 U.S.C. **§**1337 which confers concurrent jurisdiction on both state and federal courts.

4. Venue is proper in the Southern District of Ohio since Defendants' conduct took place in this District.

## Parties

5. Plaintiff, **Brendan A. Lyshe,** a resident of Hamilton County, Ohio **[hereinafter referred to as "Plaintiff"]** is a **"consumer"** as it is defined in the Act at 15 U.S.C. **§**1692a.(3) who may or may not have been obligated to pay a debt which debt was incurred primarily for household, family and personal purposes **[hereinafter referred to as the "debt"]**.

6. Defendant, **Kirschenbaum, Phillips & Levy PC.** [hereinafter referred to as "KP&L" or collectively as "Defendants"], is a Corporation incorporated in the state of New York which also maintains offices in the state of Ohio and a number of other jurisdictions and which regularly collects or attempts to collect debts owed or asserted to be owed or due another and is, therefore, a debt collector within the meaning of 15 U.S.C.§1692a(6).

7. Defendant, **Levy & Associates, LLC.** [hereinafter referred to as "Levy LLC" or collectively as "Defendants"], is a limited liability Corporation incorporated in the state of Ohio which maintains offices in Columbus, Ohio at 4645 Executive Dr., Columbus, Ohio 43220 which regularly collects or attempts to collect debts owed or asserted to be owed or due another and is, therefore, a debt collector within the

2

meaning of 15 U.S.C.§1692a(6)

8. Defendant, **Yale Levy** [hereinafter "Levy" or collectively as "defendants"], is an attorney at law and partner at KP&L and one of the owners of Levy LLC. who is licensed and practicing law in the state of Ohio who, at all times referenced herein, filed collection suits on behalf of various creditors in the Courts of the state of Ohio and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a(6).

9. Defendant, **Krishna Velayudhan** [herein "Velayudhan" or collectively as "defendants"], is an attorney at law purportedly licensed and practicing in the state of Ohio who was hired by KP&L and/or Levy, LLC. who, at all times referenced herein, was employed to file collection suits in the Courts of the state of Ohio and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a(6).

10. All of the above-referenced Defendants regularly engage in and transact business in the state of Ohio through the use of the United States mails, telephone, or through the use of the trial courts of the state or other instrumentality of interstate commerce and are subject to the jurisdiction of this Court.

### Individual Factual Allegations

11. On or about April 8, 2016 Defendants, on behalf of the Creditor Ally Financial Inc., brought a collection Action in the Hamilton County, Ohio Court of Common Pleas to collect an alleged deficiency which resulted from the sale of Plaintiff's vehicle after repossession [hereinafter the "Action"]. The Action was assigned case No. A1602065.

12. Shortly thereafter on May 3, 2016, Defendants served written discovery on Plaintiff which consisted of a Request for Admissions, Interrogatories and a Request for Production of Documents [hereinafter the "Discovery"].

13. Along with the service of the Discovery Defendants included a cover letter which, among other things, informed the Plaintiff as follows: "Please contact our offices if you would like a copy of this discovery emailed to you or sent to you on a CD or diskette." **[see attached exhibit "A"].**

14. In their Request for Admissions which Defendants served on Plaintiff they instructed in para. 1 as follows: **"This request is made under the Rules of Civil Procedure, Civ. R. 36, and each of the matters of which an admission is requested shall be deemed admitted unless your sworn statement in compliance with such Rule is timely made**." [see attached exhibit "B"].

15. Additionally, in para 3 of their Request for Admissions they instructed as follows: **"Your answer, signed and properly verified, must be delivered to the undersigned attorney of record for Plaintiff not less than twenty-eight (28) days after service**." [see attached exhibit "B"].

16. To their Request for Admissions Defendants attached a page entitled **"VERIFICATION"** which required the Plaintiff to respond by **"being first duly cautioned and sworn........"** and to appear and be sworn before a Notary Public. **[see attached exhibit "C"].**

17. At the time of his receipt of the Request for Admissions from Defendants on or about May 3, 2016 Plaintiff was appearing Pro Se in the Action.

### Legal Allegations

### Count One

18. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-17 as if fully re-written herein.

19. Rule 36, Ohio Rules of Civil Procedure, which authorizes a party to serve Requests for Admissions in no way requires the party responding to make his or her responses under oath.

20. Rule 36, Ohio Rules of Civil Procedure, which authorizes a party to serve Requests for Admissions in no way requires the party responding to verify his or her responses.

21. Defendants improperly and falsely represented to and threatened Plaintiff that if his responses were not made under oath within 28 days the matters contained therein would be deemed admitted.

## Count Two

22. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-17 as if fully re-written herein.

23. In exhibit "A" which is the cover letter accompanying Defendants' discovery served on the Plaintiff, it informed him that he was required to make a request if he wished to receive the discovery in the form of a diskette or CD.

24. Ohio Civil Rules 33 & 36 each require the party serving the discovery to accompany it with an electronic copy reasonably usable for word processing.

25. The Ohio Civil Rules do not place the burden of this Request on the party being served but on the Party serving the discovery.

26. Defendants' conduct in violating the discovery rules of the State of Ohio has several motives: it is cheaper for them to ignore the requirement of providing an electronic copy of discovery; it is less time-consuming than following the rules; and Defendants' misrepresentation about the necessity of a notary public makes it harder for consumers to respond to discovery in order to defend themselves properly.

27. Defendants, without limiting the scope of any additional violations which may be discovered or pled or proven in the future, have violated the Fair Debt Collection Practices Act by engaging in the following unfair, deceptive and unconscionable debt-collection practices expressly prohibited by the FDCPA:

> (a) by threatening to take action that they did not intend to take nor could they legally have taken in connection with the collection or attempted collection of a debt in violation of 15 U.S.C. §1692e.(5);
>
> (b) by using a false, deceptive or misleading representation or means to collect a debt in violation of 15 U.S.C. §1692e and (e)(10); and,
>
> (c ) by using an unfair and unconscionable means to collect or to attempt to collect a debt in violation of 15 U.S.C. §1692f.

### **Class Action Allegations**

28. Named Plaintiff is bringing this action on behalf of himself and other members of a class of consumers, numbering at least 100 but believed to be 1000 or more, consisting of ALL persons against whom Defendants filed civil actions on behalf of any creditor in connection with a consumer transaction in any trial court in the State of Ohio between April 8, 2015, and the present, and:

> (a) during the course of the litigation served a written request for admissions under Civil Rule 36, Ohio Rules of Civil Procedure, in which they instructed the state-court defendant that the matters in the request would be deemed admitted unless responded to under oath and verified by a notary public; or

> (b) during the course of the litigation served Rule 33 interrogatories or a Rule 36 request for admission without supplying an electronic copy, reasonably usable for word processing, unless the state-court defendant made a special request for such a copy

29. This is a class action under the provisions of Rule 23(a) and 23(b)(3), seeking damages and other relief consistent and subordinate thereto, including costs and expenses of investigation and litigation and attorney fees.

30. The class so represented by Named Plaintiff in this action, and of which he himself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable. A class action is the only feasible method of adjudicating the rights of affected debtors, and the failure to certify a class action will result in a failure of justice.

31. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class.

Some but not all common questions of fact are:

- whether the transaction involving a potential class member was consumer related

- whether it was possible for Defendants to accompany their written discovery with an electronic copy reasonably usable for word processing

- whether or not a debtor was served written discovery as well as well as an electronic copy reasonably usable for word processing

- whether the Defendants engage in the acts or practices complained of

Some but not all common questions of law are:

- whether Ohio Civil Rule 36 requires that responses be made under oath and/or verified

- whether the Ohio Civil Rules require that certain written discovery be accompanied by an electronic copy reasonably usable for word processing

32.  Plaintiff's claims are typical of the claims of the class in that the claim of all members of the class depend on a showing of the acts and omissions of Defendant giving rise to the relief sought herein.

33.  There is no known conflict between Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

34.  Plaintiff is a representative party for the class who is able to, and will, fairly and adequately protect the interests of the class.

35.  Plaintiff's counsel are experienced and capable in the field of consumer rights and protection and have successfully represented claimants in similar litigation.

36. This action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates risk of individual adjudications which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

37.  This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications which would establish incompatible standards of conduct for Defendants, who are expected to oppose the class.

38.  This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

39. The identity of each individual member of the class can be readily ascertained from the books and records maintained by Defendants and from public Court records throughout the State of Ohio.

40. Because many of the persons with whom Defendants have dealt, or who were affected by their activities, may not be aware of their rights, or may not be in a financial position to assert such rights readily, and because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

### **Prayer for Relief**

Named Plaintiff prays for the following relief:

(a) that the Court consider and ultimately determine this matter appropriate for class treatment;

(b) for a judgment for statutory damages in the amount of $500,000.00 or 1% of the net worth of each Defendant;

(c ) for reimbursement of all attorney fees reasonably incurred in connection with the prosecution of this claim;

(d) for reimbursement of all costs and expenses incurred in connection with the prosecution of this claim;

(e) for a trial by jury on all appropriate factual issues; and,

(f) for all other relief this Court may deem appropriate.

Respectfully submitted by:

*/s/Steven C. Shane*
Steven C. Shane (0041124)
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

and

*/Stephen R. Felson*
Stephen R. Felson (0038432)
220 Loraine Ave., Suite 2
Cincinnati, Ohio 45220
(513) 520-6348
Stevef8953@aol.com

Trial Attorneys for Plaintiff