UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brendan Lyshe,

    Plaintiff,

v.

Yale R. Levy, *et al.*,

    Defendants.

Case No. 2:16–cv–516

Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff Brendan Lyshe's Complaint in this Fair Debt Collection Practices Act ("FDCPA") case. Mot., ECF No. 3. For the following reasons, the Court **GRANTS** Defendants' Motion.

### I.    BACKGROUND

Defendants are a law firm that specializes in debt collection on behalf of its clients, and two members of that firm. In early 2016, Defendants brought a collection action against Plaintiff in state court, related to "an alleged deficiency which resulted from the sale of Plaintiff's vehicle after repossession." Compl. ¶ 11, ECF No. 1. Shortly thereafter, Defendants served hard copies of written discovery requests upon Plaintiff. While Defendants did not send a separate electronic copy of the discovery, they included a letter informing Plaintiff to "[p]lease contact our offices if you would like a copy of this discovery emailed to you or sent to you on a CD or diskette." *Id.* at ¶ 13.

Included in this discovery packet were Requests for Admission, complete with a blank "Verification" of Plaintiff's answers. *Id.* at ¶¶14–15. The Verification was as follows "_____, being first duly cautioned and sworn, says that the foregoing response to Plaintiff's Requests for Admission are true and correct to the best of his/her knowledge, information and belief," followed by a signature line. Verification, ECF No. 1-3. The Verification also included a blank notary block. *Id.* Plaintiff was instructed that "each of the matters of which an admission is requested shall be deemed admitted unless your sworn statement in compliance with [the Ohio Rules of Civil Procedure] is timely made." Compl. ¶ 14, ECF No. 1.

Plaintiff's claims against Defendants all arise out of these discovery requests. Plaintiff alleges that Defendants engaged in unfair and deceptive debt collection practices, in violation of the FDCPA, by (1) failing to provide electronic copies of the discovery without prompting, and (2) indicating that Plaintiff's responses to the Requests for Admission were required to be sworn and notarized. Plaintiff purports to bring these claims on behalf of himself and "ALL persons against whom Defendants filed civil actions on behalf of any creditor in connection with a consumer transaction in any trial court in the State of Ohio" since April 8, 2015. *Id.* at ¶ 28. Plaintiff estimates that the putative consumer class would contain "1000 or more" members. *Id.*

## II.  ANALYSIS

Defendants' Motion challenges Plaintiff's Complaint under both Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6). Because the Court finds that Plaintiff lacks standing to proceed on his claims, the Court lacks jurisdiction over Plaintiff's case and will only address the parties' arguments under Rule 12(b)(1). *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982) (Standing is a "bedrock requirement" of Article III, § 2's grant to the federal courts of jurisdiction over cases and controversies.).

The issue of standing is "considered an attack on the court's subject-matter jurisdiction under Rule 12(b)(1)." *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x 409, 410–11 (6th Cir. 2013) (citations omitted). For an injury to be cognizable under current standing doctrine, it must be particularized meaning it "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U. S. ___, *7, 194 L. Ed. 2d 635 (2016) (internal quotations omitted). Additionally, the injury must be concrete, meaning it must actually exist and must be real and not abstract. *Id.* at 8 (quoting Webster's Third New Int'l Dictionary 472 (1971); Random House Dictionary of the English Language 305 (1967)). However, the injury need not necessarily be tangible. *Id.* at 8–9 (citing *Pleasant Grove City v. Summum*, 555 U.S. 460, 129 S. Ct. 1125, 172 L. Ed. 2d 853 (2009) (free speech); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 113 S. Ct. 2217, 124 L. Ed. 2d 472 (1993) (free exercise)).

Congress may "elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." *Spokeo, Inc. v. Robins*, 578 U. S. ___ at *8. However, this "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at *9. Specifically, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." In short, "[a] 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id.* at *7. The party asserting jurisdiction bears the burden of proving it by a preponderance of the evidence. *Yongli Xu v. Gonzales*, No. C–3–07–203, 2007 U.S. Dist. LEXIS 71038, at *2 (S.D. Ohio Sept. 25, 2007) (internal citations omitted).

Defendants argue that Plaintiff lacks standing because he has not pleaded any injury in connection with their alleged violations of the Ohio Rules of Civil Procedure. Mot. 4–9, ECF No. 3. While Plaintiff has alleged that the discovery requests "were not in accordance with the Ohio Rules of Civil Procedure," he has not alleged "an adverse consequence that resulted in concrete harm" or that was likely to result in future actual harm. *Id.* at 6–9.

As set forth below, the Court agrees.

**A. Failure to Provide Electronic Copies of Discovery in Initial Mailing**

First, Plaintiff has not properly alleged any injury in connection with Defendants' alleged violation of their obligation to provide electronic copies of

discovery. This is, in large part, because Plaintiff has not alleged any violation of that obligation.

Ohio Rules of Civil Procedure 33 and 36 require parties to serve an "electronic copy" of discovery, "reasonably useable for word processing and provided on computer disk, by electronic mail, or by other means agreed to by the parties." Ohio R. Civ. P. 33(A) & 36(A). Here, while Defendants did not send an electronic copy of the discovery in their initial mailing, they immediately offered to send Plaintiff an electronic copy in whatever form was most convenient for him. Compl. ¶ 13, ECF No. 1 (conceding that Defendants advised in their discovery letter to "[p]lease contact our offices if you would like a copy of this discovery emailed to you or sent to you on a CD or diskette.")

Plaintiff has not cited any Ohio court cases to support his proposition that a defendant, simply by asking for a plaintiff's preference before sending the electronic copies of discovery, somehow violates the requirements of Ohio Rules of Civil Procedure 33 and 36. See generally, Resp., ECF No. 10. This Court finds that it does not.[1]

### B. Request for Admission Instructions and Verification Page

Next, the Court will address Plaintiff's allegation that Defendants' Request for Admissions instructions and Verification exceeded the requirements of the Ohio Rules of Civil Procedure by indicating that Plaintiff's certification was

---

[1] Plaintiff has not alleged whether he responded to the discovery letter or whether he has since received electronic discovery. See generally, Comp., ECF No. 1.

required to be sworn before a notary. Plaintiff argues that, at Paragraph 26 of his Complaint, he alleged "actual harm in that [Defendants'] misrepresentations made it more difficult for him to respond to discovery and therefore more difficult to prevent Defendants from obtaining a judgment against him." Resp. 3, ECF No. 10.

But that is not what the Complaint says. Instead, Plaintiff merely alleges that Defendants' discovery instructions and Verification, in a general sense, "ma[de] it harder for consumers to respond to discovery in order to defend themselves properly." Compl. ¶ 26, ECF No. 1. Nothing in Paragraph 26 deals specifically with Plaintiff.

Regardless, even if the Complaint had alleged that Plaintiff personally found it "more difficult" to respond to the discovery, that conclusory allegation would not be enough to confer standing. There are no specific allegations in the Complaint regarding whether or how Defendant's alleged wrongdoing made it any harder for Plaintiff to respond. There are no factual allegations that Plaintiff was actually misled regarding his discovery obligations; that he felt compelled to make a sworn verification or to engage a notary; or that he has even responded to Defendants' challenged discovery requests. Instead, Plaintiff has merely pointed to an alleged procedural overstep without specifically alleging any adverse consequences.[2]

---

[2] Even assuming that Defendants were in violation of Ohio Rules of Civil Procedure 33 and 36 by not providing electronic discovery in the initial mailing, Plaintiff has likewise

As the Supreme Court made clear in *Spokeo*, this is insufficient to invoke the jurisdiction of the federal courts. A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 194 L. Ed. at 645. Accordingly, Plaintiff has not met his burden to establish that the Court has jurisdiction over this case.

### III. CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motion under Federal Rule of Civil Procedure 12(b)(1). The Clerk is directed to terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

failed to allege any resulting injury from this violation and thus would lack standing to pursue his claim.